WALKER
*vs.*
MITCHRLL.

$\frac{18bm}{127}$ $\frac{541}{667}$

Case 13.

ORD. PET.

## Walker *vs.* Mitchell.

#### APPEAL FROM MADISON CIRCUIT.

1. By the Code of Practice, (*sec.* 111,) the plaintiff may unite in his petition "claims for the recovery of specific real property, and the rents, profits, and damages for withholding the same." This is a privilege which he may or may not exercise. If a claim for rents, &c., is set up in the action for the recovery of the land, it is a bar to another and separate suit for rents. (*Warren vs. Lindsey, MSS. opinion,* 5 *January,* 1857.)

2. But it is no bar to a recovery for anything which the party had a right to recover, which was not claimed in the petition for the recovery of the land, as for the extraordinary expenses incurred in the recovery of the land, which could not have been asserted in the first suit.

[The facts of the case are set out in the opinion of the court.—REP ]

*R. Runyan,* for appellant—

The question for decision is, whether there exists under the Code of Practice any remedy for the recovery of the right asserted in the petition? The 111*th section* of that enactment provides, that "claims ' for the recovery of specific real property, and the ' rents, profits and damages for withholding the ' same, may be united in the same petition where ' each affects all the parties to the action." It is discretionary with the plaintiff to unite these different causes of action or not. This statute being a change of the common law, should be strictly construed. (2 *J. J. Marshall,* 149; *Feemster vs. Anderson,* 6 *Monroe,* 518.) The reason and object of an enactment should always be consulted in its construction. (*Mason vs. Rogers,* 4 *Litt.* 377; ' *Phillips vs. Pope's heirs,* 10 *B. Monroe,* 172.). There is no statute taking away the right of action set out in the petition, and therefore it still exists. (3 *Bibb,* 180.) The plaintiff in this suit is entitled to recover rents and profits for five years before the institution of the suit, as well ·

as legal and extraordinary costs accruing in the circuit court and court of appeals, and for time and money expended in the preparation of the case, which could not be ascertained until the termination of the suit for the land. (8 *B. 'Monroe*, 200; 17 *Ib.* 325.) Besides this, suit could not be brought until the suit for the land was terminated. (*Harris vs. Jones,* 6 *B. Monroe,* 389; 10 *Ib.* 18.)

The first suit was only for the land and damages for its detention, and the recovery the same as in the old action of ejectment—the land and nominal damages for the ejection—such a recovery was never regarded as a bar to an action for *mesne profits.* (1 *Chitty Plead.* 222, 3; *Crocket vs. Laskbrook,* 5 *Monroe,* 540.)

The answer relies upon the fact that improvements were made upon the lands recovered, as a set off against plaintiff's claim. This is not allowable; no man can make a merit of his trespass, and the ground of a claim against the person on whom he has trespassed. (*Myers vs. Sanders' heirs,* 8 *Dana,* 66.)

*S. Turner,* for appellee—

The appellee contests the appellants right to a recovery on three grounds: 1. That the plaintiff's right to recover damages for the detention of the property sued for was put in issue, and decided in the former suit, and rejected by jury and court, and that adjudication is relied on in bar of the claim in this suit, and sustained by the circuit court.

There is no allegation that appellee has failed to pay the costs taxed in the former suit.

By the common law no damages were allowed for the use of property held during the pendency of an appeal; that right was given by statute. (*Hall vs. Edrington,* 8 *B. Monroe,* 48; *Moore's Trustee vs. Howe's heirs,* 7 *J. J. Marshall,* 65, *and other cases there cited.*)

By the common law a verdict for plaintiff, for part of plaintiff's demand, and silence as to the remainder, is equivalent to finding for the defendant as to

such remainder. (*Thomas vs. Tanner*, 6 *Monroe*, 61.) And such a judgment is a bar to any other action for the residue. (*Talbot vs. Talbot*, 5 *J. J. Marshall*, 6.) The authorities cited were suits for the recovery of slaves or personal property; and since the adoption of the Code of Practice actions for the recovery of real property and damages for its detension is placed upon the same footing as actions for the recovery of slaves and personal property. By the common law no damages were recoverable in a real action except in an assize. (*Coke Lit.* 157; 2 *R*. 170; 11 *Coke*, 51.)

In the early stages of the action of ejecment, damages for the detention, and other incidental injuries to the owner of the property, were recoverable in the original action, and even at this day, after a recovery in ejectment, a writ of inquiry may be awarded, and the damages recovered in the original action. (*Bacon's Ab. title Ejectment, letter H, note* 6, *page* 181.) It is admitted that the modern practice is to take judgment for the property and instituting another action for the *mesne profits*; this practice is inconvenient, and disapproved by *more* modern elementary jurists. A different practice has prevailed upon the recovery of personalty and slaves, and it is difficult to perceive why the same practice should not prevail in relation to real property and its profits. The old practice is adopted by the Code in respect to personal property. (*Sec.* 360.) In *sec.* 374 of the Code this language is used, "wherever damages are re-' coverable the plaintiff may claim and recover any ' rate of damages to which he may be entitled by the ' cause of action established." This case, in some measure, depends upon the construction of this section, and it is admitted that the meaning is not so explicit as we would desire. One thing, however, is evident, that the framers of the Code did not intend to create any new right, and the' section must operate upon the remedy alone, or it is vague and unmeaning; had there been no such section the old remedy

WALKER<br>vs.<br>MITCHELL.

for *mesne profits* would have remained, or they could not have been recovered at all; and we suppose that the latter conclusion would be correct.

The Code has done away with all distinction in the form of actions, and the same remedy is pursued now to recover a term of years as to recover a fee simple title in real estate; hence, we contend, that when the plaintiff has proved his cause of action, he may, in the same suit, upon a writ of inquiry, recover any damages to which he is entitled, and cannot recover such damages in another action. This view is sanctioned by the form given by the framers of the Code, (*page* 363,) which includes damages for being kept out of possession, the same form given for the recovery of a slave and hire.

Dec. 21, 1857.      Chief Justice WHEAT delivered the opinion of the court.

The appellant filed an ordinary petition in the Madison circuit court, stating "that Mitchell, (the ap-
' pellee,) on the —— day of ———, 1850, forcibly
' took possession of a tract of land, (which was de-
' scribed in the petition,) of which the plaintiff was
' the owner for life, and kept possession of the same
' till about the 1st day of January, 1857; and during
' that time took and appropriated to his own use all
' the issues, rents, and profits of said land of the
' yearly value of $35, whereby the plaintiff was de-
' prived of the issues, rents, and profits aforesaid, and
' the use and means of cultivating the said land, and
' was forced to, and did expend, about $50, and was
' put to great trouble and loss of time of value of
' $—— in recovering the possession of said land by
' action in said court, and other wrongs and injuries
' then and there did to her damage $500, for which
' she prays judgment and other proper relief."

Mitchell appeared and filed an answer to said petition, in which he admitted that he was in possession of the land named in the petition from about the —— day of ———, 1853, until about the 1st day of January, 1857, and denied "that he forcibly

' entered and took possession of said land, and that ' the issues, rents, and profits of said land were of ' the value stated, or any way near it; and he denied. ' that the plaintiff was put to the amount of expense ' alleged, or trouble stated;" and denied "plaintiff's ' right to recover any thing in this action because he ' says that the plaintiff, on the —— day of ———, ' by a petition ordinary, impleaded this defendant for ' the possession of the tract of land aforesaid, and. ' damages for the detention of the same, and that ' action was tried on its merits in this court, the ' rights of the plaintiff having been put in issue by ' the defendant, and the plaintiff in. that action re- ' covered the land, and the jury and court gave him ' no damages beyond one cent for the detention, and ' a final judgment, was entered in that case at the ' September term, 1856, to which proceeding and ' judgment the defendant refers as a part of this an- ' swer." "The defendant says that if the plaintiff ' was entitled to any damages for the matters set up. ' in his petition, they were properly recoverable in ' the action so tried and decided, and he pleads and. ' relies upon the proceedings and judgment in that ' case in bar of the present action." "He says that ' the improvements put on the land while held by ' and under defendant were worth as much as the ' rents." The defendant also pleaded and relied on the lapse of time and the statute of limitations.

The cause was submitted to the court, and the court, upon inspecting the record, was of opinion. that there was such a record as pleaded, and that the same was a bar to the action, and rendered a judgment dismissing the petition at plaintiff's costs.

The plaintiff has appealed from that judgment to this court.

The appellant now seeks to reverse that judgment on the ground that the matter set up in the answer was not a bar to the plaintiff's action.

It will be perceived, from an inspection of the petition in this action, and the petition in the action.

WALKER
vs.
MITCHELL.

set up and relied on in the answer, that they differ, in this: the petition in this action seeks to recover for the "issues, rents, and profits of the land, and ' damages for the deprivation of the use and means ' of cultivating the land, and for about $50 which he ' was forced to, and did expend, and for trouble and ' loss of time of the value of $—— in recovering the ' land." The petition described in the answer, charged that Mitchell had held possession of the land without right, and for two years past had unlawfully kept the plaintiff out of possession, wherefore he prayed judgment for the land and $200 damages, for being kept out of possession.

In the action relied on in bar in the answer, the plaintiff recovered the land and one cent in damages.

In the case of *Warren vs. Lindsey, decided by this court on the 5th January, 1857, MSS. opinion,* this court said, "under the Code of Practice (*section III.*) the ' plaintiff may unite in his petition claims for the re- ' covery of specific real property, and the rents, pro- ' fits, and damages for withholding the same." "This ' is conceded to be a mere privilege, of which the ' party may or may not avail himself, according to ' his own discretion. He may, if he chooses, set up ' his claim to the land only, and then, if successful, ' may resort to his action for *mesne profits,* or in the ' language of the Code, for the rents, profits, and ' damages. But having elected to unite both de- ' mands in one action, he must abide the legal conse- ' quences of that election; in that case his claim for ' rents, &c., is as much involved in the issue as his ' claim to the land itself, and the verdict and judg- ' ment are no less conclusive of the one than the ' other." "The petition in *Warren vs. Lindsey,* al- ' leged defendant had kept the land for about twelve ' years, without right, and prayed judgment for $1,- ' 500 damages for waste and deterioration commit- ' ted, and for being kept out of possession, and for ' other proper relief." As has been seen, in the case

1. By the Code of Practice,(*sec.* 111,) the pl'tiff may unite in his petition "claims for the recovery of specific real property, and the rents, profits and damages for withholding the same." This is a privilege which he may or may not exercise. If a claim for rents, &c., is set up in the action for the recovery of the land, it is a bar to another and separate suit for rents. (*Warren vs. Lindsey, MSS. opinion, 5 Jan'y, 1857.*)

relied on as a bar in this action, the petition charged "that Mitchell had held possession of the land with-'out right, and for two years had unlawfully kept 'plaintiff out of possession and for other proper re-'lief."

We are of the opinion, that as the plaintiff had elected to sue for damages for the detention of the land for the past two years, and had claimed the same in the petition, that she was barred, by the verdict and judgment, of all claims which were, or might have been embraced, as damages for the detention of the land for the two years past, and that rents, issues, and profits, and hindrance from cultivation were embraced in her claim in that petition, if not in so many words, yet, these claims were, in substance, asserted in the petition, consequently these matters relied on in bar, and set up in defendants answer, were properly adjudged to be a valid bar, and so far the judgment of the court below was right. But in this case the plaintiff claimed in her petition a right to recover for the extraordinary expenses incurred, in her action for the recovery of the land, and as these expenses could not well have been recovered in that action, and were not set up, or embraced in the petition in terms, or by any fair or reasonable construction, she could not, as to those expenses, have been barred by the former recovery; it results, therefore, that the court below erred in giving judgment in bar of the claim to recover the reasonable fees she had paid, or was bound to pay to counsel, for services in and about the recovery of the land; but as to all else besides this claim the judgment was correct.

For the error aforesaid the judgment of the court below is reversed, and cause remanded for a new trial, and for such further proceedings as may be consistent with the principles of this opinion.

WALKER
vs.
MITCHRLL.

2. But it is no bar to a recovery for anything which the party had a right to recover, which was not claimed in the petition for the recovery of the land, as for the extraordinary expenses incurred in the recovery of the land, which could not have been asserted in the first trial.