JUDGE HARDIN
delivered the opinion oe the court:
The appellees, who were in the occupancy of a tract of about two hundred and ten acres of land, and claimed in their right, as heirs of Henry E. Green, deceased, both that and an adjoining tract of about one hundred acres of unimproved land, brought this action of trespass against the appellants on the 10th day of April, 1860, alleging that they were in possession of about two hundred acres of land, by description embracing said one hundred-acre tract, and that the appellants, without right, had entered thereupon, and with force committed various acts of trespass, by cutting down large quantities of timber and wood, and by other acts, by all of which the plaintiffs were damaged, as they alleged, two thousand dollars.
At the time this action was brought, there was pending in the same.-court a suit in the nature of an action of ejectment, brought by the appellees against the same defendants, on the 4th day of November, 1859, in which it was set forth by the plaintiffs that they were the owners, and entitled to the possession of a parcel of land, appearing to be the same on which said trespasses are alleged to have been committed, and that within five days next before said 4th day of November, 1859, the said defendants had unlawfully entered upon said lands, and were keeping the said plaintiffs out of possession.
The prayer of the petition in this action was “ for judgment for the recovery of the land, and two thousand dollars in damages, and for all proper relief.” The plaintiffs in this ejectment case, on the 24th of May, 1860, filed an amended petition more particularly describing the land, and praying “judgment for the recovery of the land and one thousand dollars damages for *604 being kept out of the possession, and for all other proper relief.”
The right of the possession of some part of the same land seems .to have been also litigated at the same time by a traverse of Davis vs. Olzbaunn; and on the 20th day of July, 1860, a trial of the ejectment suit having resulted in a judgment for the recovery of the land and one cent in damages, and the defendants being about to prosecute an appeal therefrom, an agreement, signed by the attorneys in the other two cases, was filed, providing that they were “ to stand continued on the docket” until said action of ejectment should be decided by the appellate court; and further providing, that if said judgment should be affirmed, the defendants in the action for trespass in cutting timber would “ pay the value of the timber cut.”
It appears that said judgment was not affirmed, but was reversed; but, on another trial of the same cause in the circuit court, the plaintiffs again obtained a judgment for the recovery of the land and one cent in damages, which was affirmed by this court.
Afterwards, on the 6th da.y of February, 1866, this action of trespass being still pending, the plaintiffs filed an amended petition, describing the land by abuttals, and alleging various trespasses committed on the land from 1859 to 1866, inclusive.
And subsequently the defendants, now the appellants, filed their answer, setting up and relying upon the said judgment in the ejectment suit for the recovery of the land and one cent in damages, as a bar to any recovery for trespasses committed on the land before the rendition of said judgment.
Other matters of defense were presented not deemed necessary to be here stated.
*605 The plaintiffs having recovered a verdict and judgment for $600 damages, which the court refused to set aside on a motion for a new tidal, the appellants seek a reversal of the judgment in this court.
The several points on which the correctness of the judgment is questioned will be considered in the order in which they are presented.
1. It is insisted that the court erred in permitting the plaintiffs to prove that the timber destroyed by the alleged trespasses on the land described in the petition was of value to the plaintiffs for use on the adjoining tract in their possession, by way of showing the damages resulting to them from the trespasses/ Conceding the principle, that, in an action of this sort, the plaintiff is limited to the immediate consequences of the wrongful acts complained of, and remote damages are not allowed; or, in other words, that, as a general rule, the measure of damages is the amount of injury directly complained of, Ave do not perceive that the court erred in admitting the evidence objected to. The necessity of using the timber on a contiguous tract of land, or any other circumstances imparting to it a particular value to the owner, Avas, in our opinion, competent evidence to enable the jury to determine the amount of injury sustained by its loss, immediately resulting from the wrongful acts of the defendants.
2. It is objected, that on the trial the court permitted the appellees to read to the jury said agreement of counsel, for the purpose of shoAving the plaintiffs’ claim for damages was not litigated in the ejectment suit. The ruling of the court is also complained of in allowing the same fact to be proved by one of the jurors and the judge Avho presided on the trial of the ejectment case. We do not understand that by these rulings the plaintiffs were *606 permitted to inquire into the reasons which influenced the coui’t or jury, but to show by what transpired on the trial what matters were put in litigation by the parties; and so regarding the action of the court, we perceive no valid objection to it.
3. A further objection involves the correctness of the opinion of the court as to the effect of the judgment in the ejectment suit upon the claim for damages asserted and recovered in this action. Although, as declared in section 111 of the Civil Code, the plaintiff may unite in the same petition “ claims for the recovery of specific real property, and the rents, profits, and damages for withholding the same,” this is a privilege of which he may or not avail himself in his discretion (Walker vs. Mitchell, 18 B. Monroe, 544); and if the plaintiff shall elect to sue for the recovery of land merely, or for that and damages for being kept out of possession in the same action, and seek by another suit to recover damages for trespasses and injuries - committed by the destruction of timber or other property upon or appurtenant to the land, a judgmént in the one case would not, in our opinion, bar a recovery in the other.
Although the appellees, in their amended petition in this case, complain that the appellants entered upon and occupied the land — an act of trespass which, in part at least, was embraced by the allegation of the unlawful detention of the land in the petition in the ejectment case — the principal matter of complaint in this action was the unlawful destruction of the timber, wood, and other property of the appellants upon the land, for which no recovery was sought in the ejectment suit. It does not appear that the court was asked to instruct the jury as a distinct proposition that the former judgment was a bar to a recovery for any alleged occupancy of the land; nor *607 did the court decide that such was not the law; but, so far as the former judgment was involved, the only point decided was, that the plaintiffs were entitled, notwithstanding that judgment, to recover for trespasses committed before the 24th of May, 1860; and in this, we think, the court correctly decided.
The evidence seems to us to sustain the verdict of the jury, and the court properly overruled the motion for a new trial.
Wherefore, the judgment is affirmed.