CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
This suit by appellee to recover of appellant one hundred and fifty acres of land was pending in the Hardin Circuit Court when the legislature provided for a common pleas court, and authorized the clerk to transfer all the suits at law into it. This enactment provided when the terms of said court should be held, and was notice to the litigants to attend to their several suits at the designated time. The regular judge, being interested in the suit as counsel, declined to preside, and a pro tern, judge was elected and qualified, and the defendant not appearing a jury to try the issues was sworn, whereupon the plaintiff dismissed his action as to all damages for the detention of the land up to the filing his suit; and the jury having returned a verdict for the land and five hundred dollars damages, and judgment being rendered thereon, a reversal is sought.
As the transfer of the suit, the election of the pro tern. judge, and the trial were all seemingly legal and regular, *125 and as there was n<f motion for a new trial nor bill of exceptions — and we think the petition sufficiently sets out a cause of action, though the land was perhaps imperfectly described; yet after answer and trial this can not be availed of — -but one question remains to be disposed of, and that is whether damages for the detention .of the land from the .bringing the suit to the time of trial could be recovered in this suit; for the validity of the judgment depends on this, as the previous damages had been withdrawn.
The only averment in the petition for rents is “ that the defendant Shean is in possession thereof, and has been for the space of-months, without right; wherefore the plaintiffi prays for judgment that he have possession of said land and five hundred dollars for rent of the same.”
By subsection 2, section 111, Civil Code, “ claims for the recovery of specific real property, and the rents, profits, and damages for withholding the same,” may be joined; but, as said by this court in Warren v. Lindsey, Ms. Op., and Walker v. Mitchell, 18 B. Mon. 546, this is only a privilege which the plaintiff may or not exercise. If, however, he elects to do so, the judgment in the suit for the land will bar him for the rents then asserted, and this whether it be for a given period or for all the rents, past and future, up'to the judgment.
The averments in this petition do not go for the future rents from the time of filing the sn.it to the judgment, but generally for the rents for the averred detention, which must be construed as applying to the accrued rents in the absence of a specific averment or prayer for the future rents. In a suit to recover damages for the occupation during the litigation, it is clear that this suit and judgment on the averments would not bar. The withdrawal of all claims for rents before suit brought therefore literally dismissed the whole claim for rents in this action, and *126 left it a naked suit for the possession of the land; and the judgment is no bar for rents before or during the litigation.
But it is said that the judgment is an entirety, and that it must all stand or all fall; this, however, is based upon a misapprehension of the nature of the suit.
By the common law rents could not be recovered in an action of ejectment; but a suit after the recovery of the land for mesne profits had to be resorted to. The Civil Code has given the plaintiff the privilege of suing for both in the same action, but does not compel bim to do so.
But in such an action, it now being in the name of the real party — all fiction being abolished — the judgment for the land and for the rents are as distinct as if in two separate judgments on different suits. True, the judgment for rents depends on the recovery of the land; but if the judgment for the same be right, and an error as to the amount of damages alone committed, there is no more reason for disturbing the judgment for the land than there would be on such erroneous judgment in separate suits. The Code regards them as several causes of action still, hut permits them to be joined in the same suit. The judgments, however, though rendered at the same time and incorporated in the same order,' are still several and distinct and different in their nature, and to be executed by different writs: that for the land by a habere facias, that for .the damages by a fieri facias; the one being a judgment for the recovery of the specified land, the other for a given amount in dollars as damages for its detention.
Wherefore the judgment for five hundred dollars in damages is reversed, but the judgment for the recovery of the land is affirmed, with directions for a dismissal of the suit as to the damages.