CASE 66.—ACTION BY MILFORD ROBERTS AND OTHERS AGAINST E. S. MOSS AND OTHERS FOR TRESPASS TO LAND.—December 19.

# Roberts. &c., v. Moss

Appeal from Whitley Circuit Court.

M. J. Moss, Circuit Judge.

From a judgment of dismissal as to defendant E. S. Moss, plaintiffs appeal—Affirmed.

1. Action—Contract or Tort—Waiver of Tort.—One may waive a trespass committed on his land by another by forcibly entering on it and cutting, and removing timber, etc., and sue in assumpsit for the value of the timber cut and appropriated.

2. Judgment—Res Judicata.—Where one converts to his own use the property of another, the latter may sue in trespass, or trover, or replevin, or for money had and received, but a recovery in one action after trial on the merits is a bar to another action, each being for the same act.

3. Same.—A trespass on land and a conversion of goods in one continuous transaction constitutes one cause of action, and a recovery for the goods or for trespass bars an action for the other.

4. Election of Remedies—Inconsistent Remedies.—One who, instead of suing for a trespass on land in the circuit court where the land is located, sues for the value of the timber cut and appropriated in a court which does not have jurisdiction of the trespass, is bound by his election.

5. Judgment—Res Judicata.—A judgment of dismissal on the merits, whether on facts shown by evidence, or averred in the petition and admitted by demurrer, is a bar to another action for the same relief.

6. Election of Remedies—Effect—"Waiver."—Where one sued in assumpsit for the value of timber cut and appropriated by another, he waived the right to recover for any injury resulting from the trespass; "to waive" being to voluntarily relinquish a right one may enforce if he chooses.

vol. 127—42

7. Judgment—Res Judicata.—A landowner may maintain eject-
ment therefor, and under Civil Code Prac., section 83, sub-
section 2, recover therein, or in an independent suit, for use
and occupation, though he has sued for the value of timber
cut on the land and appropriated by another, and has been
defeated therein on the merits.

T. Z. MORROW for appellant.

To constitute an estoppel by way of res judicata it must be
clear, not uncertain. If there is any uncertainty it sets the
matter at large, and this uncertainty must appear both by allega-
tion and proof.

"If there be any uncertainty as to the precise question involved
and determined in the action, as for example, it appears that
several matters are litigated upon any one or more of which
the judgment may have turned, the whole matter of the action will
be at large." (Am. & Eng. Ency. 2d. Ed., vol. 24, pp. 773-4.)

"A judgment is not res judicata as to a question not appearing
on the record or shown by extrinsic evidence." (Ibid.)

In this State extrinsic evidence can not be heard unless pleaded
and relied on.

Judge Holt in Mays v. Bowman, 93 Ky., said: "Courts do not
favor a plea of res judicata unless it be clear that the merits of
the case were considered."

The record of the first suit must shown that the question in the
second have been determined in the first. No question is deter-
mined not within the scope of the pleadings. (Ibid.)

No damages could have been recovered under the pleadings in
Pulaski suit for waste and destruction of trees or for diminution
in the value of the land.

"To constitute a bar by former judgment, it must have been on
the merits." (Birch v. Funk, 2 Met., 534.)

"A recovery against the defendant for enticing away the
plaintiff's wife is not a bar to a subsequent action for criminal
conversation with her." (Schnell v. Blohm, 40 Hung, N. Y., 378.)

"Damages for permanent injuries to land from the erection of
a structure upon adjoining land is not a bar to an action for
transient injuries occasioned by the negligent operation of such
structure." (Bramblette v. L. & N., 68 S. W., 145.)

J. N. SHARP for appellee.

We insist that this cause should be affirmed, for the reasons:
1. That the plaintiffs at the time they instituted the suit in the

Pulaski circuit court they elected to waive the tort and sue for the value of the timber taken. And this was such an election of remedial rights which is irrevocable and conclusive.

2. The plaintiffs can not split an entire cause of action and make it the subject of different suits, and thus satisfy a litigous disposition by subjecting a defendant to numerous law suits.

3. Because the judgment in the Pulaski circuit court is a bar to not only what was set up in said action, but to every ground of recovery which might have been presented and determined therein by reason of said trespass.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Whitley circuit court sustaining appellee Moss' plea and defense of res judicata, and dismissing, as to him, appellants' action, which was one of trespass quare clausum fregit. The petition particularly described two adjoining tracts of land lying in Whitley county, of which it averred appellants to be the owners, and, in substance, charged that appellee and Dennis Bros.. a partnership having its chief office and place of business at Somerset, Pulaski county, in the year, 1903, unlawfully, wrongfully, with force and arms, and without the consent of appellants, entered upon the lands described, drove wagons over the same, and cut down and destroyed much valuable timber thereon, consisting of white oak, chestnut, poplar, pine, and hemlock. For the alleged trespass and consequent injury to the lands and timber, the prayer of the petition asked judgment against appellee and his co-defendants in the sum of $3,000. Appellee, Moss, filed a separate answer to the petition, of three paragraphs; the first containing a traverse, the second a claim of title in appellee to the smaller tract of land described in the petition, and the third the defense of res judicata, which was bottomed on these

substantially alleged facts: That in an action previously brought by appellants in the Pulaski circuit court against the same defendants a recovery was sought for the value of the timber, alleged in the petition of the case at bar to have been cut by appellee and his co-defendants, and that in the petition of the former suit the trespass to the land for which a recovery was sought in the case at bar was expressly waived. The same paragraph of the answer contains, in substance, the further averments that appellee, by separate answer, filed in the first action, denied the conversion of the timber charged in the petition, or that appellants owned it, and also denied that they were the owners of the land; that the first action was tried in the Pulaski circuit court upon the issues thus formed and on the merits, resulting in a verdict and judgment in appellant's favor against Dennis Bros., for $1,600, but at the same time the jury, under a peremptory instruction from the court, returned a verdict in favor of appellee upon which judgment was entered dismissing the action as to him. Certified copies of the pleadings, orders, and judgment of the Pulaski circuit court in the first action were filed with and made a part of appellee's answer in the last action. Appellants filed a demurrer to the third paragraph of appellee's answer, which was overruled, and they then filed a reply, which controverted in part the affirmative matter of the answer. A demurrer was filed to the reply by appellee and sustained by the court, because, in its opinion, the matters contained therein constituted no defense to the plea of res judicata presented by the third paragraph of appellee's answer. When the demurrer to the reply was sustained, appellants refused to plead further. Thereupon the lower court dismissed their

action, thereby, in effect, sustaining appellee's plea in bar.

The facts furnished by the averments of appellee's answer and the record of the first action, many of which are not materially controverted by appellant's reply, make it fairly apparent that the timber, for the value of which appellants sued, in the first action, was the same timber, the cutting of which is included in the trespass for which the last action was brought. Therefore it would seem to follow that the forcible entry of appellee and his co-defendants upon the lands described in the petition, their cutting of the timber thereon, the value of which was sued for in the first action, hauling over the land, etc., were all acts and injuries connected with and growing out of the one trespass or successive trespasses for which the last or present action was brought. If so, appellants might have recovered in one action, brought in Whitley county where the lands lie, for the injuries resulting from the several acts of wrongdoing constituting the one trespass or series of trespasses to the lands, and such recovery would have included the value of the timber cut and converted by the defendants. But, instead of pursuing this course, they elected, as they were privileged to do, to waive the tort, i. e., the trespass, committed by appellee and his co-defendants in forcibly entering upon the land, cutting and removing the timber, etc., and to sue them in assumpsit for the value of the timber cut and appropriated by them. That action being a transitory one, it was properly brought in the circuit court of Pulaski county, in which county one or more of the defendants at the time resided. Having thus waived the trespass, and sued appellee and Dennis Bros. for the value of the timber, the cutting and

removal of which from their lands constituted in
part, at least, the trespass complained of, appellants
cannot in a subsequent action recover for the tres-
pass. The right to waive a tort and to sue in assump-
sit has long been recognized by the law. The rule
broadly, yet with entire correctness, may be stated
thus: If one takes and converts to his own use
another's property, the latter may maintain an action
for trespass, or for trover, or replevin, or for money
had and received; but a recovery in one, or a failure
to recover in one, after trial on the merits, is a bar
to another, because each would be for the same act.
This question seems to have received careful con-
sideration from Judge Cooley, who, in his admirable
work on Torts, concluded an exhaustive discussion of
the subject as follows: "The decisions are quite
numerous in this country that assumpsit cannot be
maintained unless the property of which the plaintiff
has been deprived has been converted into money.
But other cases decide that if the defendant has con-
verted the property in any manner to his own use,
that is sufficient. The following are illustrations:
Trading off the property for other property, turn-
ing one's cattle wrongfully into another's field and
pasturing them there, employing an apprentice with-
out the master's assent, and so on. In all these cases
it will appear all the elements of an implied con-
tract are found, and we can conceive of no sufficient
reason for denying the right to bring assumpsit. If
the wrongdoer has not sold the property, but still
retains it, the plaintiff has the right to waive the tort
and proceed upon an implied contract of sale to the
wrongdoer himself, and in such event he is not
charged up for money had and received by him to
the use of the plaintiff. The contract implied is one

to pay the value of the property as if it had been sold to the wrongdoer by the owner. But by all the authorities it is conceded that, where the act is a naked trespass, an action of assumpsit cannot be maintained, because the elements of an assumpsit are wanting. In most cases this is clear enough. Suppose one commits an assault and battery upon another, there is absurdity in the suggestion of a contract that the one party should permit this and the other should pay for it in a reasonable compensation. Suppose his cattle have invaded his neighbor's premises and trampled down and destroyed his crops, the ground for an implication of contract is equally wanting. There is a wrong, nothing more and nothing less. We cannot imply a contract that one party should proceed to destroy the other's crop and then pay him for it. That is an unnatural transaction, and we cannot suppose it would take place except as a wrongful act. But where a trespass is committed, and trees or mineral is severed from the land and taken by the trespasser and converted to his own use, assumpsit will lie for the value of the material so converted." Cooley on Torts, vol. 1, sections 109-111. In Addison, on Torts, a much briefer consideration is given this subject. The author, however, adopts the rule as stated by Cooley. "If a man (he says) has taken possession of property and sold or disposed of it without lawful authority, the owner may either disaffirm his act and treat him as a wrongdoer, and sue him for a trespass, or for a conversion of the property, or he may affirm his acts and treat him as his agent, and claim the benefit of the transaction; and if he has once affirmed his acts and treated him as an agent, he cannot afterward treat him as a wrongdoer, nor can he affirm his acts in part and

void them as to the rest." Addison on Torts, section 33; Downs v. Finnegan, 58 Minn. 112, 59 N. W. 981, 49 Am. St. Rep. 488. In Van Fleet, on Former Adjudication, vol. 1, section 153, we find this statement of the law: "A trespass upon land and a conversion of goods in one continuous transaction constitutes only one cause of action, so that a recovery for the goods, or for the trespass, bars an action for the other." The case of Johnson v. Smith, 8 Johns. (N. Y.) 383, is in point. The action was one of trespass, quare clausum fregit, and for cutting and carrying away wheat. The defendant pleaded a former suit against him for the wheat, in bar, and the plea was held good. In Savage v. French, 13 Ill. App. 17, the plaintiff brought an action of quare domun fregit. The defendant pleaded in bar a judgment against him in favor of plaintiff in a previous action of replevin for the taking of the same goods. The court held that the judgment in the replevin suit was a bar to the action of trespass for the taking of the same goods, the original cause of action being merged in the judgment.

While we have found no decision of this court upon which the question involved, based upon the precise state of case here presented, the doctrine we announce has nevertheless received its approval. Thus, in Hall v. Forman, etc., 82 Ky. 505, 6 Ky. Law Rep. 473, which was an action to recover upon an attachment bond the special damages embraced by it, it was held that a previous recovery against the principal in the bond of general damages in an action for the wrongful and malicious suing out of the attachment was a bar to the action on the bond. In the opinion, it is said: "While the two actions differ, not only in form, but as to parties, as well as to the testimony necessary

Roberts, &c., v. Moss.

to establish each, and also as to the extent of the
recovery, yet the entire damage is the result of the
one act of wrong, and each action is pro eadem causa,
or for the wrongful suing out and levy of the attach-
ment.   *   *   *   If one trespasses upon another, and
in doing so carries away the latter's horse, the owner
may waive the trespass and sue for the value of the
horse; but, if he do not do so, and sues for the tres-
pass, he could not thereafter sue for and recover
the value of the horse, although he may not have
sought in the first action to recover for the taking of
the horse." Such a splitting of a cause of action as
appellants have attempted by the institution of this
action the law will not tolerate. They might, as
before suggested, by suing in the Whitley, instead of
the Pulaski, circuit court, have recovered for the
trespass to the land and also the value of the timber,
but having failed to do this, and made their election
to sue for the value of the timber alone in a court
which had not jurisdiction of the trespass to the land,
they are bound by that election. And had they first
sued in the Whitley circuit court for the value of
the timber alone, the effect would have been the same.
In Pilcher v. Ligon, etc., 91 Ky. 228, 12 Ky. Law Rep.
860, 15 S. W. 513, it was held that "where one has
sued for a part of an entire demand, he will not be
allowed to sue for the residue in another action; and
this is true, although the court in which the first
suit was brought did not have jurisdiction of the full
amount of plaintiff's claim, and although the judg-
ment was for the defendant." It is not always neces-
sary that there should be a taking of proof in order
to make the judgment rendered in one case a bar in
another. A judgment dismissing a petition is a bar
to another action for the same relief, provided the

determination has reached the merits of the case, whether the facts upon which the court acted were shown by evidence, or were averred in the petition and admitted by demurrer. Maize v. Bowman, 93 Ky. 205, 14 Ky. Law Rep. 121, 19 S. W. 589, 17 L. R. A. 81.

We cannot suppose appellants labored under any misapprehension as to their rights at the time of bringing the first action. That they acted understandingly, as well as voluntarily, at the time, is shown by the waiver of the trespass expressly made in the petition in that action. The legal definition of the word "waive" is thus stated by Webster: "To throw away; to relinquish voluntarily, as a right which one may enforce if he chooses; to desert; to abandon." The same author defines the word "waiver" as "the act of waiving, or not insisting on some right, claim, or privilege." As appellants put themselves on record in the first action as waiving, and therefore surrendering, the right to recover for any injury resulting from the alleged trespass committed by appellee and Dennis Bros., except as to the value of the timber taken, and that issue on the trial of that action was determined on the merits in appellee's favor, they cannot complain of the ruling of the lower court holding the judgment in that case a bar to the recovery sought in the last action. The ruling of the court was manifestly correct.

We do not mean to be understood as holding that the question of title to the lands described in the petition was determined or involved in the first action. If appellee is wrongfully in possession of the lands, or any part thereof, appellants may maintain an action in ejectment to recover it, if they are in fact the owners of it; and in such action, if entitled to

recover the land, they may also recover for its detention or use and occupation by appellee, or may by separate action recover therefor. Civ. Code Prac. section 83, subsec. 2; Burr v. Woodrow, 1 Bush, 602; Shean v. Cunningham, 6 Bush, 123; Walker v. Mitchell, 18 B. Mon. 541. Our decision goes no further in the case before us than to hold that upon the record as presented the lower court's judgment sustaining appellee's plea in bar was proper.

Judgment affirmed.

Petition for rehearing by appellant overruled.