## Stephens et al. v. Preston's Heirs et al.

May 18, 1945.

Howard & Mayo and C. P. Stephens for appellants.

Joe Hobson and Z. Wells for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Remanding for consistent proceedings.

We shall not despair in attaining a proper and final adjudication of all matters involved in this extended action. This appeal involves some scattered fragments and unsettled questions growing out of a protracted litigation which has been before this court on two former appeals Preston v. Preston's Adm'x, 245 Ky. 552, 53 S. W. 2d 957; Preston's Heirs v. Preston et al., 279 Ky. 401, 130 S. W. 2d 797. We shall not undertake a full restatement of all the facts of the whole case as these have been fully stated in the two cases, supra, but shall state only the decisive facts involved and such as are determinative in disposition of the contentions raised on appeal herein. Such facts shall be stated in the consideration of each contention.

Upon the first appeal, the judgment of the lower court was affirmed in part and reversed in part, the reversal having to do with the tracts of land involved in this appeal. The cause was remanded with directions to cancel the deed of the Commissioner conveying to Lora Preston the undivided ½ interest of her deceased hus-

band in the three properties in controversy, and with directions to hear further proof of the parties as to the amount of enhancement in the vendible value of any of the parcels of land in controversy, and upon which Lora Preston is shown to have made improvements entirely out of her own means. After the mandate issued on the first appeal, further pleadings were filed. The plaintiffs below filed an amended petition wherein they alleged the heirs of L. D. Keathley, together with the purchasers of one of the daughter's interest, had leased the mineral rights in the whole tract to the Warfield Natural Gas Company; who had paid delayed rentals and royalties to the Keathley heirs, and that the plaintiffs were entitled to a 1/16 of same Whereupon the Warfield Company entered its appearance and plead to so much of appellees' answer as challenged their lease, and, as a cross-petition against Lora K. Preston and Lawrence Keathley, they plead that under the implied covenants and provisions of their lease, the lessors warranted they had a good title, and that if it should be decided that appellants are the owners of an undivided interest, they should be entitled to recover against the widow, Lora Preston, and the other lessors in the lease  The Warfield Company asserted that the gas wells were drilled in good faith, and in the belief that the lease carried all interests in the tract. The case then proceeded to judgment.

In this second appeal, it appeared that the manner and method of sale in carrying out the directions of the court in the first appeal was objectionable. The reasons for reversal of the court below with respect thereto are clearly set out by Commissioner Morris in Preston's Heirs v. Preston et al., 279 Ky. 401, 130 S. W. 2d 797. It was further decided therein that the court erroneously dismissed the claim of the plaintiffs below, wherein they had alleged an interest in the delayed rentals and royalties paid to the heirs of L. D. Keathley, and that the court erroneously dismissed the cross-petition of the Warfield Company as against Lora Preston and her brother, Lawrence Keathley. All other matters in the second appeal were affirmed and the case remanded for further development of the question as to the claim of the plaintiffs in the delayed rentals and royalties and on the cross-petition of the Warfield Company; and for further proceedings, in so far as the order of sale, sale, reports and con-

firmation of sale were concerned. Subsequent to the issuance of mandate in the second appeal, the defendant below, Lora Preston, filed an amended answer in which she alleged that O. H. Preston, deceased, in his lifetime, became indebted to her in the sum of $1,500, and that on the 2d day of April, 1925, he executed to her a check in corresponding amount, which she was told to hold as evidence of his indebtedness, and that the check was to have the same force and effect as a note, and asked that her answer be made a cross-petition against the plaintiffs, M. L. Preston's heirs. Numerous amended petitions, amended answers, replies, orders and motions were filed and finally an amended petition for the sale of the property involved. After considerable proof had been taken and made a part of the record, the plaintiffs filed an amended petition reasserting ownership in the properties, including the 350 acre Keathley tract. In paragraph 2 of that amended petition, they allege ''that there was recorded in the Floyd County Clerk's Office on June 19, 1941, a purported deed of conveyance from Oscar Preston, party of the first part, to Lora Preston, party of the second part, undertaking to convey the interest of Oscar Preston in and to the Keathley tract of 350 acres.'' A copy of the deed was filed with and made a part of the pleading and was assailed as a forgery. The evidence relative to the deed is a part of this record. The court below gave plaintiffs judgment in the matter of gas rights, adopting as its method of accounting the gross revenue, less the total cost of production. It gave the Warfield Natural Gas Company judgment against its co-defendants on its cross-petition. It adjudged the plaintiffs the owners of the undivided one-sixteenth interest in and to the Keathley tract of land, subject to the dower interests of the widow of L. D. Keathley and the widow of Oscar Preston. It disallowed the claim of plaintiffs in the matter of the timber alleged to have been sold off of the Keathley tract, and also disallowed the claim of Lora Preston as evidenced by the check filed herein.

We shall leave undisturbed the finding of the court in the matter of the $112.50, representing one-sixteenth of the amount appellees alleged the appellants received from the sale of timber on tract number 3, and which appellees claim should be reversed on their cross-appeal. We are of the opinion that the evidence affecting

same is not sufficient to justify a disturbance of the judgment.

Appellants contend, first, that the court erred in adjudging plaintiffs to be the owners of an undivided interest in the Keathley farm and complain rather vigorously because the court disregarded the deed introduced by Lora Preston Stephens, wherein Oscar Preston conveyed to her his undivided interest in and to the Keathley tract of land. Appellants cite considerable law relative to the burden of impeaching or destroying the force of a deed. We cannot escape the observation that there was considerable inconsistency on the part of Lora Preston in her original claims to the property involved, with the reasons therefor, and that of her position under the deed. The offending feature of this matter, however, is not the inconsistency of her former claims with the claim under the deed, but the sudden appearance of the deed, after the lapse of so many years, unrecorded during the lifetime of either the writer or acknowledging officer, and the equally sudden disappearance of the deed immediately after it had been filed of record. All these facts taken together create a warranted suspicion concerning the whole deed episode. We are of the opinion that the court below did not err in its ruling therein, and was justified in its disregard of the deed and in its adjudication that the plaintiffs are the owners of an undivided one-sixteenth interest in and to the Keathley tract of land, subject, however, to the dower rights of the widow of L. D. Keathley and the widow of Oscar Preston.

Appellants further contend that it was error for the court to order removal from tract number 2 of a building erected thereon by Lora Stephens. With this contention, we cannot agree. This improvement was placed there after Lora K. Stephens had notice of the antagonistic claim of the plaintiffs and actually after the institution of this action. It appears to us that the court was not only indulgent but extremely liberal in permitting said removal. This finding also is affirmed.

The appellants further contend that the claims of Lora Preston Stephens against Oscar Preston were improperly disallowed in that the court did not allow her claim of $1500 as evidenced by the check introduced herein. This contention we believe not to be meritorious in this appeal. After the first appeal, the case hav-

ing been remanded for the hearing of claims, the record shows that this claim with others was then presented. In its judgment the court allowed some of the claims, and as part of its judgment the court said: ''The balance of the claims against said estate, except the claim for improvements upon the property of the estate, are dismissed and disallowed.'' Mrs. Preston objected and excepted to that judgment but did not appeal from it. As affects those claims, that judgment is still in full force and effect. As this claim of $1500 was one of the claims submitted therein and was not allowed by the court, and same was not appealed from, it is our opinion that the court correctly disregarded this claim.

There remains, then, for decision, the contention on the part of the appellants that the judgment was erroneous on the matter of gas royalties and rentals. This presents a more difficult problem. The appellants contend that the judgment for plaintiffs, relative to royalties and rents, should be one-sixteenth of the accumulated royalty interest, instead of an amount based on the gross revenue from the lease, less the total cost of production. The principles involved in determining this question seem to be well established. There is a distinction between a willful trespasser, an innocent trespasser, and a tenant in good faith, operating under the belief he has an exclusive title to the joint property. There is no evidence, nor can it be seriously contended, that the Warfield Natural Gas Company is a willful trespasser. The real problem, then, resolves itself into the distinction between an innocent trespasser and an occupying tenant, in good faith, believing it had an exclusive title to the joint property. This distinction is the difference between a judgment based upon the gross revenue, less the total cost of production, as required of an innocent trespasser or cotenant, and the payment of royalty as required of an occupying tenant, who in good faith believes he has an exclusive title to the joint property.

The court below seems to have followed the New Domain Oil & Gas Co. v. McKinney, 188 Ky. 183, 221 S. W. 245, in his method of accounting. We are called upon to decide as to the propriety of this method.

The Warfield Company obtained from the Carter Oil Company the original lease on the L. D. Keathley tract in which Oscar Preston joined with the other lessors,

heirs of L. D. Keathley, deceased. At that time the title under the lease was exclusive. It appears that after the death of Oscar Preston, the Warfield Company obtained another lease on the Keathley farm, in which Lora Preston joined with the other Keathley heirs, and signed as Lora Preston, widow. It is an undisputed fact that through all of the time since the death of Oscar Preston, his widow, Lora Preston, has been claiming all the interest in the 1/16, and it must be conceded that the Preston heirs owned no interest in the Keathley farm unless Oscar Preston owned such an interest at the time of his death in 1925. On April 4, 1934, the Preston heirs filed their amended petition making the Warfield Gas Company a party, in which they sought recovery against Lora K. Stephens and the Gas Company of their proportionate part of rents and royalties, and asked for an accounting on that basis. Responsive pleadings were filed on May 18, 1934, and on the following day an agreed order, duly signed, was entered. The order reads: ''By agreement, it is ordered that 1/16th of all future accruing rentals and royalties on the oil and gas lease covering the tract of land referred to in the amended petition in this case, filed April 9, 1934, and which lease is held by the Warfield Natural Gas Company, may be retained by it until the ownership of said land is finally determined and will then be paid to the party or parties adjudged by the Court entitled thereto and all of which will have the same force as if paid in the manner provided in said lease.''

Certainly prior to the above agreement, and after the amended petition above, the Warfield Company could have refused to operate further unless it had reasonable grounds to believe that no more than the royalty would be asked of them. The Warfield Company had every right to assume and believe that the agreement, above, eliminated any further issue as to the method of settlement, and left only the question of title to be adjudicated. This claim for rents and royalties was filed nine years after the death of Oscar Preston, and approximately four years after the wells had been drilled on the land, and the amended petition seeking an accounting on the basis of other than the royalty interest was not filed until approrimately six years after the agreed order above. Even in the absence of the election of royalty, as evidenced by the amended petition and the agreement

above, it does not appear to be just, equitable or right that these Preston heirs shonld be allowed quietly to sit by and keep silent through all these years and watch this development and production when it was their duty to speak. See Stein Bros. & Boyce v. State Bank of Stearns, 255 Ky. 270, 73 S. W. 2d 13; Furst & Thomas v. Smith, 280 Ky. 601, 133 S. W. 2d 941. However, in the instant case, we have an election evidenced by a suit and by an agreed order, asking for settlement on the royalty basis. Pursuant to that agreement, the Warfield Company assumed risks and incurred large operative expenses. It continued to operate under the belief that the election and agreement were valid and binding, and for six years the Preston heirs by their silence permitted this to be done.

We, therefore, are of the opinion, under the above facts, that the Preston heirs are entitled only to the customary royalty on this 1/16 interest and that the court below erred in directing an accounting on the basis of the net proceeds rather than royalty interest. The court below is, therefore, directed to find for the heirs of Oscar Preston the royalty paid on a 1/16, subject to the dower interests of the widow of L. D. Keathley and Lora Preston Stephens; and that the Warfield Natural Gas Company recover a like sum on its cross-petition against its codefendant, Lora Preston Stephens. This cause is remanded for procedure consistent herewith.