## Potts v. Strickland.

November 26, 1946.

Rehearing denied June 17, 1947.

Chester D. Adams, Judge.

A. B. Thomason for appellant.

John A. Judy and Wilson, Harbison, Kessinger, Lisle & Bush for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

In the year 1922, appellant, H. H. Potts, and his wife jointly purchased 118.55 acres of land situate in Fayette County. In the year 1931, appellant, in consideration of the marital relationship, conveyed his interest in the property to his wife. On March 28, 1936, Mrs. Potts obtained a divorce from her husband; the decree recites: "It is further ordered and adjudged by the Court that each of said parties shall restore to the other any property not disposed of at the commencement of this action which either party may have obtained either directly or indirectly from or through the other during marriage, in consideration thereof."

On January 21, 1937, Mrs. Potts executed and delivered a deed purporting to convey the entire tract to John Wesley Marr, of Lexington. Marr, in turn, conveyed the property to J. B. Strickland on March 1, 1938. Strickland, who died in the year 1944, devised the property to his wife, Martha J. Strickland, who is the appellee. On the sixth day of November, 1940, appellant instituted an action in the Fayette Circuit Court against his former wife in which he sought restoration of his undivided one-half interest in the property, "if not in kind, the reasonable, fair market value thereof at the time said property was received by the defendant * * * and he further prays for judgment against the defendant in such sum or sums as it appears to the Court that may be proper * * *." In that action the Court adjudged appellant to have been the owner of an undivided one-half interest in the property at the time the decree was entered in the divorce action, but because his former wife had conveyed the property, a money judgment was entered on the alternative plea for one-half the amount Mrs. Potts received for the property, viz., $5,439.19, with interest from January 1, 1937. That judgment was entered on the 27th day of September, 1941. On the 15th day of October, 1941, Mrs. Potts filed a petition in bankruptcy in the United States District Court for the Eastern District of Kentucky, at Lexington. On September 1, 1943, Mrs. Potts prayed an appeal from the judgment of September 27, 1941; appellant defended the judgment, which was affirmed by this Court January 19, 1944. In the meantime, Mr.

Potts filed and prosecuted his claim as judgment creditor in the bankruptcy proceeding, and received from the Trustee $5,000 on September 2, 1944, and the additional sum of $176.07 on June 9, 1945. On the 25th day of September, 1945, appellant instituted this action in equity, reciting the above facts and asking the Court to adjudge him to be the owner of an undivided one-half interest in the 118.55 acres of land in the possession of, and claimed by, appellee. The Chancellor sustained a demurrer to the petition, from which order this appeal has been prosecuted. Appellee defends the Chancellor's action upon the ground that the petition shows appellant elected a remedy inconsistent with his contention in this case, by praying for, and receiving, a money judgment from his former wife in satisfaction of her wrong in conveying his interest in the property in dispute. Since we have concluded that the judgment must be affirmed upon this ground, it is unnecessary for us to notice the other contentions presented by appellee in support of the judgment.

The doctrine of election of remedies, which has received almost universal approval, is tersely and clearly stated in Kearney Milling & Elevator Co. v. Union Pacific Railroad Co., 97 Iowa 719, 66 N. W. 1059, 1061, 59 Am. St. Rep. 434, wherein the Court said: " 'A man may not take two contradictory positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again.' "

This Court has approved the doctrine in many cases, one of which is Riley v. Cumberland & Manchester Railroad Co., 234 Ky. 707, 29 S. W. 2d 3, 4, wherein, quoting from Phillips v. Rooker, 134 Tenn. 457, 184 S. W. 12, the Court said: " ' "Election of remedies" may be defined to be the adoption, by an unequivocal act, of one of two existing alternative remedial rights, inconsistent and not reconcilable with each other, the effect of which is to preclude a resort by the plaintiff or creditor to the other.' "

As explained in that opinion, the basis of the doctrine is that one will not be permitted to assert the truth of each of two inconsistent positions at the same time, or at different times, according to the promptings of his best interests. In Lindburg et al. v. Engster et al., 220 Iowa 1073, 264 N. W. 31, 116 A. L. R. 591, 600, the Supreme Court of Iowa, quoting from 20 C. J. 17, points to the fact that the doctrine will be applied where the inconsistent remedies are against different persons, as well as where they are against the same person. In Lanier v. John L. Roper Lumber Co., et al., 177 N. C. 200, 98 S. E. 593, 594, the Court held that an action to set aside deeds and recover damages for cutting timber on the lands conveyed thereby was inconsistent with an action to recover the purchase money of the land purportedly conveyed. The facts of that case are identical almost with those presented by this record. Appellant, in his action against his former wife, elected to ratify the sale made to Mr. Marr, and pursued the proceeds of the sale in the hands of Mrs. Potts. In this action he asks that the sale he heretofore has ratified now be declared to be void. At the time he instituted the action against his former wife he had the right to ratify the sale or to repudiate it. He chose ratification. Under the doctrine we have been discussing, he cannot at this time be heard to repudiate the act formerly ratified by him. The Court correctly sustained a demurrer to the petition.

Judgment affirmed.