**NORTH EAST COAL COMPANY, Appellant,**

v.

**W. Boone BLEVINS et al., Appellees.**

**NORTH EAST COAL COMPANY, Appellant,**

v.

**Worth BLEVINS et al., Appellees.**

Court of Appeals of Kentucky.

March. 25, 1955.

J. Woodford Howard, Fred G. Francis, Prestonsburg, Wells & Wells, Paintsville, for appellant.

Wheeler & Wheeler, Paintsville, Joe Hobson, Prestonsburg, for appellees.

STANLEY, Commissioner.

These are consolidated cases.

1. Boone Blevins sued the appellant, North East Coal Company, (hereinafter North East) Chalmers Blair and Chester Griffith, alleging his title to a certain 40 acres of land and charging the defendants with having wilfully trespassed upon it, mined coal therefrom, and, by improper operations, destroyed coal remaining in the ground. He prayed judgment for $385,-834.55, total sum, less a credit of $6,420.40 for royalties received. Blair and Griffith were sublessees and operated the mine. The plaintiff recovered judgment for royalties amounting to $611.70.

2. Worth Blevins filed the same kind of a suit against North East alone in relation to 60 acres of coal lands. He prayed for $815,105 and recovered a judgment for royalties of $20,684.42. The judgment also went against certain sublessees for different amounts included in the total sum against North East.

North East has moved for an appeal in the Boone Blevins case and prosecuted an appeal in the Worth Blevins case. The two appellees have filed cross-appeals. All have been heard together.

Large records have been made, but the questions before us on the direct appeal are resolved into, (1) res judicata as that doctrine is related to precluding a party from presently litigating a matter which might have been and should have been litigated under the issues raised in a former suit between the same parties, and (2) election of remedies.

We first look at the judgment relied on as res judicata and the proceedings charged to have constituted an election barring recovery of further royalties and rents for the surface and damages. The pleas of these defenses in the present cases were stricken on motion of the plaintiffs. The judgment was rendered in a declaratory judgment suit instituted by North East to have determined title to a tract of coal which embraced the two tracts to which the present suits relate. It was entered in June, 1948, and an appeal therefrom was dismissed because it had not been filed in time. North East Coal Co. v. Boone Blevins, 312 Ky. 628, 229 S.W.2d 162. The judgment declared the Blevins to be the owners of the minerals in their respective tracts, free of the claims of North East.

In that suit North East had sought a declaration of rights of title and an injunction against the defendants from mining coal or from otherwise exercising any claim of right in the coal. The Blevins, as defendants, set up their titles to the coal and mining rights and prayed that they be quieted.

As a part of that suit, but subordinate to the main issue, it was charged by North East in an amended petition in the Boone Blevins case that Blair and Griffith were mining coal and paying half the royalties to Blevins. North East sought to recover the sums so paid and for an order requiring future royalties to be paid into court. Boone Blevins, in response, alleged that after learning that North East was claiming the coal, shortly before the institution of the suit, he had made a contract with North East to share equally in the proceeds of the coal until ownership should be finally determined, and charged that North East had breached that agreement. Blevins prayed, as an alternative to his prayer for a judgment of title to the coal, that if it should be determined that North East had the title, then that he, Blevins, have judgment for half the royalties received by North East under the contract. The judgment, as we have stated, declared the title to be in Blevins. It also awarded him all the royalties which had accrued during the controversy over the title.

Worth Blevins came into that Boone Blevins case by intervention. His claims were substantially the same as to his part of the land. The judgment was for him, both as to title and accrued royalties.

We, therefore, have a former case which was instituted and prosecuted only for the quieting of title of one or the other parties. No recovery was sought by the Blevins of royalties, rents, profits or damages except in the alternative if title should be awarded North East. In such eventuality, recovery was sought on special contracts as to the operation of the mines and disposition of the royalties pending the determination of the title. The appellant's argument is, in its essence, that the ap-

pellees, as cross-claimants in the first suit, should have sought in that suit a recovery of *all* royalties, etc.; and since they had, in fact, elected to limit their recovery to royalties accruing during the pendency of the litigation, they may not maintain other independent actions for recovery of a different measure of damages or additional royalties.

■ (1) *Res judicata.* In respect of splitting a cause of action or being barred to claim in a later independent suit what might have been or should have been litigated before, the rule of res judicata is itself clear in its prohibition. National Bond & Inv. Co. v. Withorn, 281 Ky. 318, 136 S.W.2d 40; Hays v. Sturgill, 302 Ky. 31, 193 S.W.2d 648, 164 A.L.R. 868. But difficult problems are often posed in determining the application of the rule to the particular cases. The problems arise from questions of identity of parties or of the subject matter or of the issues litigated. The parties on this appeal have extensively briefed their respective contentions of the appropriate application or non-application of the res judicata canon.

■ It seems to us the decision must rest on our cases which hold that while Sec. 83 of the Civil Code of Practice (now CR 18.01) permitted the joining of causes of action for recovery of real property and of rents, profits and damages, the Code provision did not require it. We have held that a party "may at his election sue in one action for the land, and in another for the rents and profits or damages for the detention." Strubbe v. Green, 234 Ky. 384, 28 S.W.2d 471. That decision was rested upon cases decided soon after the Code was adopted: Walker v. Mitchell, 18 B.Mon. 541, 57 Ky. 541; Burr v. Woodrow, 1 Bush 602, 64 Ky. 602. Another early case in point is Shean v. Cunningham, 6 Bush 123, 69 Ky. 123. The Strubbe case was prosecuted in the Pulaski Circuit Court to recover rents of land, title to which was the subject of an action pending at the same time in the McCreary Circuit Court. The latter case had resulted in Strubbe obtaining judgment that he had title. Green v.

Strubbe, 234 Ky. 380, 28 S.W.2d 469. It was reiterated in Clark v. Mason, 264 Ky. 683, 95 S.W.2d 292, that a separate suit for rents, profits and damages may be maintained.

In the consolidated cases now before us it is emphasized that in the former declaratory judgment suit the Blevins sought to have their titles quieted. North East sought the same declaration for itself and as contingent consequential relief, for an injunction. The subject matter of the action was title to the coal. The judgment declaring the title was final and res judicata of the rights declared. There can be no controversy as to that. City of Bowling Green v. Milliken, 257 Ky. 245, 77 S.W.2d 777; Consolidation Coal Co. v. Hall, 296 Ky. 390, 177 S.W.2d 150; 1 C.J.S., Actions, § 18d (14) (g), p. 1058. The issues as to the royalties were confined to royalties accruing after the controversy over title arose or the litigation commenced. They were incidental and dependent. North East claimed all such royalties and the Blevins claimed all. The Blevins' claims were based on contractual relations. They specifically rested the claims on the eventuality of it being adjudged that North East had a good title and they had none. In this respect, the case is somewhat like Burr v. Woodrow, supra, 1 Bush 602, 64 Ky. 602. While an action in ejectment and for "damages for being kept out of the possession and all other proper relief" was pending, the plaintiff brought another action for trespass and damages therefor. The defendants in that suit set up the recovery of a judgment for the plaintiffs in the ejectment action, which carried with it one cent in damages, in bar of recovery of damages in the trespass suit. The court, following Walker v. Mitchell, supra, 18 B.Mon. 541, 57 Ky. 541, held that since the recovery sought was for damages for unlawful destruction of timber, etc. for which no recovery had been claimed in the ejectment action, the judgment in that action was not res judicata of the claim for damages in the second suit.

■ Under the authorities cited we cannot hold there was a splitting of a single cause of action. There were two distinct actions which might have been joined as an optional right, but not required to be joined. Judgment in the first action is not an estoppel to the maintenance of the second cause of action different from that involved in the former suit. Prewitt v. Wilborn, 184 Ky. 638, 212 S.W. 442; Phillips v. Big Sandy Co., 149 Ky. 555, 149 S.W. 957.

■ (2) *Election of remedies.* This doctrine is, in general, directed to the selection and pursuit of one of two or more inconsistent or coexistent remedies available to a party thereby precluding himself from later resorting to another of the remedies. Riley v. Cumberland & Manchester R. Co., 234 Ky. 707, 29 S.W.2d 3; Potts v. Strickland, 304 Ky. 777, 202 S.W.2d 392. The election is between remedies as distinguished from alternative substantive rights. 18 Am.Jur., Election of Remedies, Sec. 6.

■ To the extent that the present actions may be construed as seeking recovery for damages for wilful trespass during the pendency of the first litigation, the doctrine applies, for in that respect there was a choice of accepting royalties under contracts rather than the seeking of the greater recovery based on a tort of wilful trespass. Roberts v. Moss, 127 Ky. 657, 106 S.W. 297, 32 Ky.Law Rep. 525, 17 L.R.A.,N.S., 280; Price v. Whitaker, 273 Ky. 499, 117 S.W.2d 203; Stephens v. Preston's Heirs, 300 Ky. 843, 190 S.W.2d 468. But the rule is not applicable to the claim of damages incurred before the litigation began. As to that, there was, in the first place, no choosing of any remedy, for the action was to establish substantive rights; and, in the second place, the substantive right and remedy herein sought to be established, viz., damages for prior trespass, is not the same substantive right and remedy alternatively sought in the first case, viz., to recover subsequently accrued royalties under special executory contracts. There was no inconsistency between pursuing that contingent remedy and the establishment of the right of title to the coal

property. Therefore, the defense of election of remedies may not be sustained.

(3) We consider the cross-appeals of Boone Blevins and Worth Blevins. The large sums which they sought were upon the claims of wilful and wanton trespass. The court found there was no trespass of that character and that there had been no loss of coal through improper mining. The conclusion that North East was an innocent trespasser, as defined in Swiss Oil Corp. v. Hupp, 253 Ky. 552, 69 S.W.2d 1037, is clearly right. It appears that all the mining had been done under coal leases executed by North East to individuals and that the company had received only the royalties. The judgment gives the Blevins only the amount which North East had received. The Blevins were not in position to mine the property, so the measure of recovery laid down for such a situation in Hughett v. Caldwell County, 313 Ky. 85, 230 S.W.2d 92, 21 A.L.R.2d 373, was properly applied. The court found that there had been no improper mining or loss of coal. We are not convinced that the judgment in this respect is erroneous.

The judgments on direct and cross-appeals are affirmed.