## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

The Colonial Williamsburg Foundation

v.

William Martin Johnson et al.

April 20, 1973

Case No. 5264

By JUDGE ALEX H. SANDS, JR.

This case is before the court upon demurrers filed on behalf of all defendants.

Basically, the gravamen of the plaintiff's claim is that the defendants Wiley and Wilson undertook to construct a laundry for the plaintiff and the defendants Allen and Vickers furnished the material and also undertook the duty of supervision of the installation; that due to the water conditions at Williamsburg, the pipes employed in this project became corroded and had to be replaced with new pipes by the plaintiff. In a nutshell, the plaintiff's contention is that it was the duty of all of the defendants to test and analyze the water in the area prior to installation of the equipment and that their failure to do so resulted in the pipes becoming unuseable.

The motion for judgment contains four separate counts. The first count charges breach of contract, the second breach of implied warranty of fitness, the third negligence and the fourth breach of implied warranty to do the job in a workmanlike manner.

Defendants Wiley & Wilson and Allen and Vickers have filed demurrers based upon misjoinder of causes of

action and, in addition, Wiley & Wilson demurs upon the further ground that no one of the four counts state a cause of action as to this defendant.

Defendants say that count one sets up breach of contract, count three charges negligence and that counts two and four charge breach of implied warranties which sound in tort. Relying upon the rule which ordinarily prohibits the joining of charges of tort and contract in the same action, defendants say that the alleged existing misjoinder is demurable. That the general rule is as defendants contend is true beyond question. *Daniels v. Truck Corporation*, 205 Va. 579 (1964); *Kavanaugh v. Donovan*, 186 Va. 85 (1947).

An exception to this rule is, however, equally as well recognized as is the rule itself where the demands asserted are of the same nature, closely related, arise out of the same cause of action and involve one right. *duPont Co. v. Universal Moulded Products Corp.*, 191 Va. 525 (1950).

Defendants contend that such is not the case under consideration. A comparison of the *duPont* case with the *Daniels* case and the *Kavanaugh* case, however, convinces the court that the charges in the motion for judgment in the case under consideration places it squarely under the *duPont* doctrine. As above stated, the failure to analyze the local water and its effect upon the pipes being installed is the sole charge advanced by plaintiff and no other breach of duty is in any manner suggested. In both *Kavanaugh* and *Daniels* there were separate and distinct claims being asserted based upon separate and distinct causes of action. For these reasons, the ground of the defendants' demurrer based upon misjoinder is held to be without merit.

In addition to the ground of misjoinder, however, defendant Wiley & Wilson demurs upon the further ground that no one of the counts state a cause of action against this defendant. Whether this ground of demurrer has merit depends upon whether the allegations contained in the motion for judgment are sufficiently broad to charge this defendant with serving (quoad its relationship with plaintiff) in the capacity of contractor or confine this defendant's relationship to plaintiff to the capacity of architect or engineer. If the allegations charge defendant

with breach of duty only as an architect or engineer, then the demurrer as to this defendant must be sustained. *Surf Realty Corp. v. Standing*, 195 Va. 431 (1953). If, on the other hand, the allegations are sufficiently broad to charge that Wiley & Wilson was acting beyond the scope of engineer or architect and was discharging the duties of general contractor, then the pleading would withstand demurrer. *Mann v. Clowser*, 190 Va. 887 (1950); *Hall v. MacLeod*, 191 Va. 665 (1950).

Not only does the motion for judgment charge that Wiley & Wilson had contracted to exercise general supervision over the construction, but Exhibit A attached to the motion (the letter of February 14, 1967, from Wiley & Wilson to plaintiff) is amply broad to support a charge that this defendant was acting in the capacity of general contractor. Furthermore, while the engineering work to be done by Wiley & Wilson in Exhibit A is referred to as "professional engineering work," the fact that this defendant was to be paid for these services upon a cost-plus basis might, along with other evidence, prove a significant consideration in determining the true capacity in which the defendant was serving. There would, in view of the allegations in the motion for judgment and of the contents of Exhibit A, be, as in the case of *Willner v. Woodward*, 201 Va. 104 (1959), an issue presented whether Wiley & Wilson undertook to supervise the installation of the system. If so, this defendant went beyond the duties of architect and engineer. *Willner v. Woodward, supra.*

Defendant urges that there is alleged no specific contractual duty to analyze the chemical content of the water. Whether or not this was required by the contract would be an issue in the case.

For the above reasons, all demurrers will be overruled.