## Richmond

STANDARD PRODUCTS COMPANY, INC. v. WOOLDRIDGE & COMPANY, LTD., AND JAMES V. FINNEGAN.

January 14, 1974.

Record No. 8245.

Present, All the Justices.

*Thomas G. Slater, Jr.* (*Norman A. Scher; Benjamin C. Ackerly; Hunton, Williams, Gay & Gibson*, on brief), for plaintiff in error.

*Edward A. Marks, Jr.* (*Arch Wallace, III; Sands, Anderson, Marks & Clarke*, on brief), for defendants in error.

HARRISON, J., delivered the opinion of the court.

On February 12, 1971, Standard Products Company, Inc. filed an action sounding in tort against Wooldridge and Company, Ltd. and James V. Finnegan, jointly and severally, for $11,526.88. Thereafter Standard amended its motion for judgment by adding a count for breach of contract based on the same facts as the *ex delicto* allegation. The defendants answered and demurred to the amended motion on the ground that it constituted a misjoinder of actions. The court agreed and required the plaintiff to elect between its tort and contract counts. Standard elected to proceed in tort, and the case was continued generally.

Standard then filed a motion for judgment against Wooldridge and Finnegan for breach of contract arising out of the same facts alleged in its February 12, 1971 action under review. It again sought to recover a judgment, jointly and severally, against the defendants for $11,526.88. Wooldridge filed its answer to the motion and Finnegan demurred thereto. Standard entered a nonsuit against Finnegan, and the court, on July 25, 1972, awarded Standard a default judgment against Wooldridge for breach of contract. The judgment was docketed but has not been satisfied.

On August 1, 1972, Finnegan filed his special plea in the tort action asserting that by virtue of the judgment Standard had obtained against Wooldridge and Company, Ltd., the plaintiff was precluded by law from proceeding against him. We review the action of the trial court sustaining Finnegan's motion.

Standard is a Virginia corporation engaged in the fish meal business with a facility located at Fairport, Virginia. Wooldridge operates an insurance brokerage business with an office in Henrico County. Finnegan was an officer and an employee of Wooldridge. In early 1969 Wooldridge solicited business from Thomas Kirkup of American Standard Insurance Agency, Inc. in Kilmarnock, Virginia. This agency handled Standard's insurance. Following negotiations Standard purchased a fire insurance policy from Wooldridge in December, 1969. The policy was issued by Security Insurance Company of Hartford for whom Wooldridge acted as a broker. Standard was insured against 5% of any loss of stock, principally of fish meal, from its Fairport warehouse, the whole of such loss not to exceed $300,000.

Standard received on May 15, 1970 notice from Security Insurance Company of Hartford that the insurance was being cancelled within ten days. It immediately contacted Kirkup, who then called Finnegan to inquire about a replacement policy. Finnegan told Kirkup "not to worry about it", that it was "merely a matter of changing companies" and that "he would place coverage by 5-25-70". Kirkup again called Finnegan on June 1, 1970 and was advised not to worry, that "it would be covered".

Appellant relied on Kirkup and Finnegan to obtain the desired coverage and did not attempt to procure insurance from any other source. The company's warehouse and most of the stock contained therein was destroyed by fire on July 6, 1970. Standard then learned that Wooldridge and Finnegan had neglected to procure insurance to replace the policy cancelled by Security Insurance Company of

Hartford. Standard alleges that as a direct and proximate result of Finnegan's negligence and breach of contract in failing to obtain the replacement insurance, it sustained a loss of $11,526.88.

The position of Standard is that it should have been permitted to prosecute the contract and tort claims in the same action since they have a common origin and that the trial court erred in requiring the company to elect. Appellant relies upon *duPont Co. v. Universal Moulded Prod.*, 191 Va. 525, 62 S. E. 2d 233 (1950), as authority for its argument that Virginia has cast aside the common law forms of action in favor of a much more liberal policy allowing joinder of tort and contract claims. Standard further contends that its recovery against Wooldridge for breach of contract does not preclude it from proceeding against Finnegan in the original tort action.

Finnegan argues that Standard was in effect asking the trial court for permission to proceed without requiring Standard to decide whether its case lay in tort, in which event theories of negligence and misrepresentation, jury instructions and evidence germane to such theory, would govern the procedure; or in contract, in which event evidence and instructions dealing with that theory of the case would be germane. Finnegan further points out that in contract the plaintiff would have the problem of establishing the personal obligation of Finnegan on a contract, which was admittedly the contract of Wooldridge.

Appellee relies upon our opinion in *Daniels v. Truck Corporation*, 205 Va. 579, 139 S. E. 2d 31 (1964). There the motion for judgment alleged that the defendants breached an express warranty they had given on a tractor sold the plaintiff and also that defendants had wrongfully repossessed the vehicle. The trial court held there was a misjoinder of causes of action. We agreed and said:

> "In support of his position, plaintiff cites *duPont Co. v. Universal Moulded Prod.*, [*supra*]. In that case we did permit the plaintiff to join counts of warranty and tort in the same motion for judgment. We held that the plaintiff's demands were of the same nature and closely related. 'Each arose out of the same general cause of action, in a continuous course of dealing with reference to one subject [right], and one judgment may be given.' See also *Swift and Company v. Wells*, 201 Va. 213, 219, 110 S. E. 2d 203 [1959].
>
> "In the *duPont* case, the causes of action were closely related and involved one right. The misjoinder was one of form and not of sub-

stance. In the case at bar, however, plaintiff sought to join two unrelated causes of action which involved more than one right and different kinds of proof, likely to result in confusion in the trial. His suit for wrongful possession is still pending and may be more fairly tried if not mixed with this action for breach of contract. The general rule, which prohibits the joining of causes of action in tort and contract in the same motion for judgment is enunciated in *Kavanaugh v. Donovan*, 186 Va. 85, 93, 41 S. E. 2d 489 [1947], and applies here. See also *Burks Pleading and Practice*, 4th ed., § 98, p. 206; 1 M. J., Actions, § 19, p. 110." 205 Va. at 584, 139 S. E. 2d at 34-35.

Appellee interprets *Daniels* as expressly reaffirming *Kavanaugh v. Donovan, supra,* wherein we held "It is elementary that causes of action in tort and contract should not be joined in the same notice of motion or declaration." 186 Va. at 93, 41 S. E. 2d at 493. In *Kavanaugh* the plaintiff, a landlord, sought to recover damages from his tenant for waste and at the same time on an alleged contractual obligation of the tenant to return the premises in good repair. The trial court required the plaintiff to elect, and he did elect in tort. However, at trial he was allowed to proceed as though no election had been required, and we held this to be improper and reversed.

*Swift and Company v. Wells, supra,* involved an action against a manufacturer of food for breach of its implied warranty of wholesomeness. We said:

"In *E. I. duPont de Nemours & Company v. Universal Moulded Products Corporation,* [supra], the issue was between the manufacturer and the ultimate consumer, and lack of privity of contract was not in question. That decision is in point only because we there held that a count for breach of implied contract, in view of its nature, may be joined with counts alleging fraud and negligence, when the demand of the plaintiff arises out of the same general cause of action, in a continuous course of dealing with reference to one right, and one judgment can be given." 201 Va. at 218-19, 110 S. E. 2d at 207.

In *duPont* the defendant demurred to plaintiff's motion for judgment claiming that in the motion one count was based upon breach of warranty, two upon tort and another upon negligence. The plain-

tiff alleged that duPont had furnished paint materials with express warranty of uniformity and an implied warranty of fitness and that contrary to its warranties the materials were defective; and in addition, the plaintiff claimed that duPont made fraudulent misrepresentations with respect to such materials, fraudulently concealed changes in their ingredients and was negligent in their manufacture—all of which caused the alleged loss sought to be recovered. We concluded that these demands were of the same nature and closely related since each arose out of the same general cause of action and in a continuous course of dealing with one subject. We said that one judgment could be given and that therefore there was not a misjoinder of action in the notice of motion. The author of the opinion referred to the history of an action for the breach of a warranty and quoted from 4 Williston, *Contracts* § 970 at 2689-90 (Rev. Ed. 1936) (footnotes omitted) as follows:

" '* * * The law of warranty is older by a century than special assumpsit, and the action on the case on a warranty was in part the foundation of the action of assumpsit. An action on a warranty was regarded for centuries as an action of deceit, and it was not until 1778 that the first reported decision occurs of an action in assumpsit on a warranty. And it is still generally possible where a distinction of procedure is observed between actions of tort and of contract to frame the declaration for breach of warranty in tort. It is probable that today most persons instinctively think of a warranty as necessarily a contract or promise, but though frequently warranties are true promises and contracts, in other cases they are merely representations which induce a sale, and it is said that if a promise or contract is implied from such representation, the implication is one of law and not of fact. It may be added that the whole law of implied warranty both of title and of quality is based on implied representations rather than on promises.' " 191 Va. at 536-37, 62 S. E. 2d at 237.

The court also quoted from I Williston, *Sales* § 195 at 502 (Rev. Ed. 1948) as follows:

" 'It is probable that today most persons instinctively think of a warranty as a contract or promise; but it is believed that the original character of the action cannot safely be lost sight of, and that the

seller's liability upon a warranty may sound in tort as well as in contract.' " 191 Va. at 537, 62 S. E. 2d at 237.

In support of its contention that the misjoinder rule as applied in *Kavanaugh* is no longer viable, Standard also points to Rules 3:8, 3:9 and 3:10 of the Rules of the Supreme Court of Virginia. Under Rule 3:8 a defendant may, at his option, plead as a counterclaim any cause of action at law for a money judgment *in personam* that he has against the plaintiff or all plaintiffs jointly, whether it is in tort or contract. Rule 3:9 provides that a defendant may, at his option, plead as a cross-claim any cause of action that he may have against one or more other defendants growing out of any matter pleaded in the motion for judgment. And Rule 3:10 provides that the plaintiff may assert any claim against a third party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff.

It is argued that in view of these Rules it is inconsistent that the same rule be not applied to causes of action instituted by plaintiffs. And counsel cites Rule 18 of the Federal Rules of Civil Procedure which allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim or third party claim, to join, either as independent or as alternate claims, as many claims, legal, equitable or maritime, as he has against an opposing party. He says that if claims are joined, which may result in different kinds of proof, likely to result in confusion in the trial, separate trials can be granted by the trial court just as permitted under Rules 3:8, 3:9 and 3:10.

We do not agree that the rule against misjoinder of actions of tort and contract has been abolished in Virginia. With the exception of cases in which the court has permitted joinder of counts in warranty with counts in fraud and negligence, no case has been cited to us in which a plaintiff has been permitted by this court to litigate a claim for breach of contract with a claim of or for misrepresentation and negligence. In our opinion in *Daniels* we pointed out that in *duPont* the misjoinder was one of form and not of substance. We did not permit the joinder in *Daniels* because the causes of action were unrelated, involved more than one right and different kinds of proof likely to result in confusion in the trial.

In the instant case, Finnegan, as an employee and representative of Wooldridge, is alleged to have "contracted and represented" that he would "procure insurance coverage" for Standard. The loss sustained

by Standard was alleged to have been a direct and proximate result of the breach of contract and misrepresentations by Finnegan and Wooldridge. Under its motion for judgment Standard had an option to proceed against the two defendants for the damages it sustained as a result of such alleged misrepresentations and negligence of Finnegan, acting as the agent, servant and employee of Wooldridge; or to proceed against the defendants for breach of the contract allegedly made by Finnegan on behalf of Wooldridge to procure the insurance coverage. Standard elected to proceed in tort. However, on the date this election was made Standard instituted before the same court an action in contract against Finnegan and Wooldridge and prosecuted the action to final judgment against Wooldridge. So, in effect, Standard's ultimate decision was to proceed on contract.

In *Sangster & Als.* v. *The Commonwealth*, 58 Va. (17 Gratt.) 124, 132 (1866), the court said:

"It is true that where a plaintiff has concurrent remedies for the same demand, and elects one of them, and prosecutes it to a judgment, he cannot then resort to another, but is bound by his election, although it may be a bad one. . . . Therefore, when A wrongfully takes the property of B and sells it, B may bring trespass, trover, detinue or assumpsit for money had and received, against A at his election; but having elected one of these forms of action, and prosecuted it to judgment, he cannot then abandon it and bring another. . . . It would be inconsistent to permit him, after electing and prosecuting to judgment either of the three last named actions, and especially the last, to resort to the first. . . ."

In *Roberts* v. *Moss*, 127 Ky. 657, 106 S. W. 297 (1907), Roberts alleged that Moss and Dennis unlawfully cut timber on land owned by Roberts. For the alleged trespass, and injury to the lands and timber, Roberts sought a $3,000 judgment against Moss and Dennis. Moss filed an answer alleging that, in an action previously brought by Roberts in the circuit court of another county against the same defendants, a recovery was sought for the value of the timber alleged to have been cut, and that in this former suit the trespass to the land was expressly waived. Moss alleged that the former suit resulted in a $1,600 verdict in favor of Roberts against Dennis and that, upon a peremptory instruction from the court, a verdict was returned in favor of Moss and the action dismissed as to him. The action of the trial

court sustaining Moss' plea and defense of *res judicata* was affirmed and the court said:

"We cannot suppose appellants labored under any misapprehension as to their rights at the time of bringing the first action. That they acted understandingly, as well as voluntarily, at the time, is shown by the waiver of the trespass expressly made in the petition in that action. The legal definition of the word 'waive' is thus stated by Webster: 'To throw away; to relinquish voluntarily, as a right which one may enforce if he chooses; to desert; to abandon.' The same author defines the word 'waiver' as 'the act of waiving, or not insisting on some right, claim, or privilege.' As appellants put themselves on record in the first action as waiving, and therefore surrendering, the right to recover for any injury resulting from the alleged trespass committed by appellee and Dennis Bros. except as to the value of the timber taken, and that issue on the trial of that action was determined on the merits in appellee's favor, they cannot complain of the ruling of the lower court holding the judgment in that case a bar to the recovery sought in the last action. The ruling of the court was manifestly correct." 127 Ky. at 666, 106 S. W. at 300.

In 1 C. J. S. *Actions* § 50 f (1936), it is said:

"While the mere waiver of a tort is neither a ratification of it nor an admission of its nonexistence, . . . one waiving a tort and suing in contract makes such a binding election of remedy as cannot be reconsidered, even if no injury has been done by the choice or would result from setting it aside. He cannot thereafter treat the action brought as if it were a tort action, or bring an action of tort with regard to the same cause of action, notwithstanding he was unsuccessful in the action of contract. . . .

"By waiving the tort and suing in contract, a party necessarily waives the entire tort, and cannot recover part of his damages in contract and afterward maintain an action in tort for the balance; and it is not only with regard to defendant in the action brought that the waiver operates, but as regards others as well, a waiver of the tort and an action in contract brought against one of several tort-feasors precluding a subsequent action in tort against the others who were not parties to the first action."

*See also* 1 Am. Jur. 2d Actions §§ 31, 32, 33, 34, 35, 36, pp. 566-571 (1962).

When Standard instituted its second action to recover damages from Wooldridge and Finnegan for breach of contract it made an election with full knowledge of all the facts. It had concurrent remedies for the same demand. Having elected one of them (contract), which was prosecuted to final judgment, it cannot now resort to the other (tort).

The judgment of the lower court is

*Affirmed.*