## CIRCUIT COURT OF ROANOKE COUNTY

Mary M. Richardson,
individually and
as Administratrix
of the Estate of
Nathaniel E. Richardson

v.

Allstate Life Insurance Co.
and Donald Bingham

October 16, 1974

BY JUDGE ROBERT J. ROGERS

On February 15, 1974, plaintiff filed two separate actions, one being a contract action filed in the Circuit Court of the City of Roanoke, and the other being a tort action filed in this Court. Allstate Life Insurance Company was named defendant in both actions; its agent Donald Bingham was named defendant in this action only. On March 20, 1974, the tort action in Roanoke City was tried and resulted in a judgment against plaintiff.

Following the judgment against plaintiff in the tort action in Roanoke City, defendants filed their Motion to Dismiss upon the ground that both actions arose out of the same transaction, that plaintiff had concurrent remedies for the same demand, and that having elected to pursue one of them (contract) to final judgment, she is now estopped from proceeding with the other (tort) in the present action.

A special plea similar to defendants' Motion to Dismiss was sustained in *Standard Products v. Waldridge*, 214 Va. 476, 201 S.E.2d 801 (1974), upon the ground that plaintiff's election of one of concurrent remedies precluded resort to the other. That case quoted an earlier case, *Sangster v. Commonwealth*, 58 Va. (17 Gratt.) 124, 132 (1866), to the following effect:

> It is true that where a plaintiff has concurrent remedies for the same demand, and elects one of them, and prosecutes it to a

judgment, he cannot then resort to another, but is bound by his election, although it may be a bad one . . . .

It is clear from the pleadings and transcript of proceedings (Exhibits A through D attached to the Motion to Dismiss) that plaintiff had concurrent remedies for the same demand. She elected to pursue the contract remedy and was given a full and fair hearing on her contention, which was the same contention alleged in this action based on tort. Plaintiff having prosecuted the contract remedy to final judgment, from which no appeal was taken, it would be patently unfair and inconsistent to permit her to retry the issue in this action.

Accordingly, the Court is of the opinion that the Motion to Dismiss should be sustained.