## CIRCUIT COURT OF FAIRFAX COUNTY

Alvarez et al.

v.

Dekar Homes, Inc., et al.

October 26, 1990

Case No. (Law) 90236

By JUDGE MICHAEL P. McWEENY

This case is before the Court upon defendants Long and Foster and Sala's Motion to Amend and defendants Long and Foster and Sala and defendants Mount Vernon and LaVasseur's Motions for Summary Judgment. After hearing oral argument, the Court took the matters under advisement.

The Court grants the Motion to Amend. The defendants may amend their answer to the First Amended Motion for Judgment so as to assert the defense of waiver.

The Court grants partial Summary Judgment against the plaintiffs to the extent that they have waived claims of fraudulent representations as to lot size and proximity to private schools and the prison. However, the plaintiffs may introduce evidence thereto as proof of a pattern of misconduct, as more fully addressed below. As to the remaining matters raised by the defendants in their Motions, Summary Judgment is denied.

*Fraud: Lot Size, Schools, Prison*

The claims of fraud based upon lot size, schools, and prisons raises three issues: (1) whether the plaintiffs

waived these claims when they ratified the contract by amendment subsequent to their discovery of the fraud; (2) whether they may introduce the evidence thereof anyway as a pattern of misconduct; and (3) whether these representations are matters of fact or opinion.

A waiver of fraud must be distinctly made with full knowledge of the facts waived. The fact that the defrauded party knows his rights and intends to waive them must plainly appear. *Link Assoc. v. Jefferson Standard*, 223 Va. 479, 485 (1982). The uncontradicted, proven facts indicate that the plaintiffs learned of the misrepresentations as to lot size, schools, and prison by August of 1988. However, the contract was amended and ratified three times after this date by the plaintiffs. Hence the plaintiffs, with full knowledge of the fraudulent representations as to these three items, later accepted the contract despite this knowledge. They are deemed to have waived any claims based upon these particular representations. *See generally, Bradley v. Tolson*, 117 Va. 467, 471 (1915). Summary Judgment must be granted on this point.

Yet, there remain a number of other allegations of fraud which are subject to proof. One of the elements of fraud is intent. *Winn v. Aleda Construction Co., Inc.*, 227 Va. 304, 308 (1984). The intent may be shown by evidence of a motive prompting a peculiar line of conduct, i.e., where transactions of similar character are executed by the same parties, it is reasonable to infer that they proceed from the same motive. *Ely v. Gray*, 125 Va. 708, 719 (1919). Large latitude is always given to the admission of evidence where the issue is fraud, especially fraud in the sale or purchase of property. *Piedmont Bank v. Hatcher*, 94 Va. 229, 231 (1897). Therefore, the existence of the allegedly fraudulent misrepresentations as to lot size, prison, and schools is admissible to the extent used as proof of a pattern of similar conduct by these defendants as to the fraud that has not been waived.

This raises the last issue under this heading: whether the representations are matters of opinion and hence not a proper basis for an action for fraud.

It is not always easy to determine whether a statement is one of opinion or one of fact. In deciding the question, the subject matter, the

> form of the statement, the attendant circumstances, and the knowledge of the parties must be considered. What is susceptible of exact knowledge when the statement is made is usually considered as a matter of fact.

*Poe v. Voss*, 196 Va. 821, 825 (1955). Also, in certain circumstances, even an expression of opinion may support an action for fraud. *See Horner v. Ahern*, 207 Va. 860, 865 (1967) (asserting as true that which he knows to be false in order to induce the plaintiffs to settle upon their contract). Since there is insufficient evidence at this point on the circumstances surrounding these statements, summary judgment is inappropriate at this time.

### *Fraud: Covenants*

The claim of fraud based upon the restrictive covenants presents two issues: (1) whether the covenants were in fact applicable to the lot in question by the settlement date; and (2) whether the plaintiffs waived the fraud claims by refusing to settle pursuant to paragraph 15b of the contract rather than due to the fraudulent representations. For the reasons stated below, Summary Judgment is denied as to this issue.

First, defendants claim that since the builder amended the Reservations and Restrictive and Affirmative Covenants in December of 1988, these covenants were applicable to the lot by settlement in January. Plaintiffs counter that the covenants were not applicable to the lot. Although Dekar was the only signatory to the Amendment, Dekar did not still own all of the lots in the subdivision, and therefore, the Amendment was not binding. Also, Dekar did not obtain county approval for the Amendments. There remains a material factual dispute at issue. Summary Judgment is inappropriate if any material fact is genuinely in dispute. Rule 3:18; *see also, Blair, Inc. v. Housing Authority*, 200 Va. 815, 818 (1959) (A written motion to reject the motion for summary judgment is a pleading bringing facts into issue).

Second, it is not clear that the plaintiffs approved the alleged fraud as to the covenants merely by refusing to settle pursuant to a term in the contract. Note that

while the bringing of an action has the effect of affirming the contract, that does not constitute a release or waiver of the right to seek recovery of damages for the alleged tort. *Horner v. Ahern*, 207 Va. 860, 867 (1967); *see also, Millboro v. August Corp.*, 140 Va. 409, 421 (1924). Therefore, summary judgment is inappropriate as to this matter.

### *Limitation of Remedies: Paragraph 15b*

The next issue presented is whether the plaintiffs are limited by paragraph 15b to the damages recoverable under that paragraph. There are two reasons why summary judgment is inappropriate here.

First, there is a factual dispute as to whether Mount Vernon, LaVasseur, Long & Foster and Sala were in fact parties to the contract such that they are protected by its provisions. The defendants contend that they are; whereas the plaintiffs dispute this as an attempt by the agents to "bootstrap" themselves to the contract. Second, the existence of that contractual provision does not necessarily limit the damages recoverable for an action in tort for fraudulent representations relating to that contract. The action for fraud and deceit is independent from an action based upon the contract. *Horner*, 207 Va. at 867. Note that while the plaintiffs in *Horner* did not rely on the contractual provision there to release themselves from the contract, they did not disaffirm that clause. *Id*. at 867-68.

### *Fraud: Breach at Settlement*

The next issue presented is whether the fraud claims are barred due to the plaintiffs' alleged breach at the time of settlement. The defendants claim the plaintiffs breached by not having sufficient funds at settlement for the down payment. The plaintiffs respond that they were in fact ready, willing, and able to get the required funds but were precluded by the defendants from so doing since they did not have the information as to the proper amount. Also, plaintiffs contend that there was no breach since they cancelled the contract prior to any demand by the defendants for the money. Since there obviously

remains a material factual dispute as to this issue, the Court denies Summary Judgment.

### Election of Remedies

The final issue presented is whether the defendants, having elected to have the contract declared void pursuant to Va. Code § 11-2.3, are precluded as a matter of law from now proceeding in tort for fraud. The only case law cited by the defendants in support of their proposition was decided prior to 1977, when the legislature enacted Va. Code § 8.01-272. This code section expressly permits joinder in a single pleading of counts sounding both in contract and in tort. *Kamlar Corp. v. Haley*, 224 Va. 699, 707 (1983). The Revisers Note following the code section notes that § 8.01-272 overrules the prior prohibition against the joinder of tort and contract claims as expressed in *Standard Products v. Woolridge*, 214 Va. 476 (1974).

Since the contract claim against Dekar and the fraud claims against the defendant agents arise out of the same transaction, plaintiffs were not required to elect between the two remedies. Summary Judgment as to this issue also is denied.